**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

LISA MURPHY                                                                                               PLAINTIFF
ADC #760343

V.                                              1:15CV00027 BSM/JWC

MAURICE CULCLAGER *et al*                                                              DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

    Mail your objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Lisa Murphy, who is currently held at the Arkansas Department of Correction's McPherson Unit, filed a *pro se* complaint on February 24, 2015, and an amended complaint on March 11, 2015. Subsequently, in response to a Court order, Plaintiff filed a statement of her claims,

which is in essence another amended complaint.[1]

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff has filed a complaint, amended complaint, and a response to a Court order (docket entries #1-#2 & #4), in which Plaintiff asserts that she was wrongly charged with a disciplinary violation. Because Plaintiff has failed to articulate an actionable claim, her complaint should be

---

[1] This case has been consolidated with *Murphy v. Minor et al*, ED/AR No. 1:15CV00031.

dismissed.

Plaintiff asserts that she was involved in an altercation with inmate Sara Whitfield on February 13, 2015, but Defendants Cheris Engler and Maurice Culclager charged only Plaintiff with a disciplinary violation. Plaintiff asserts Engler and Culclager violated her rights by charging her with a disciplinary violation, Defendant Justine Minor, a hearing officer, violated her rights by finding her guilty of the charges, and other Defendants failed to train Engler, Culclager, or Minor.

Even if Plaintiff was wrongly charged, a false disciplinary charge is not a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation). Although Plaintiff makes vague allegations of discrimination, and possibly suggests that the disciplinary charge was made in retaliation for constitutionally protected activities, she concedes in her complaint that, after comments made by Whitfield, Plaintiff "got up out of her bed, went to inmate Whitfield's bed area, and struck her." Plaintiff further admits that Whitfield proceeded to the door to report the assault to an officer, and Plaintiff "hit her again" before they fell to the ground fighting (docket entry #4, page #5). It is clear from Plaintiff's own statements that she assaulted another inmate. Plaintiff indicates that she relayed this information to Defendant Justine Minor, who found Plaintiff guilty. Thus, some evidence supported Minor's conclusion, and Plaintiff received due process in her disciplinary hearing. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if some evidence supports the disciplinary board's decision). Because Plaintiff was convicted of an actual rules violation, she is precluded from pursuing any claim that the disciplinary charge was retaliatory. The Eighth Circuit has held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed

for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Because Plaintiff has failed to state an actionable claim against Defendants Culclager, Engler, or Minor, her failure to train claims against other Defendants should also be dismissed. Accordingly, Plaintiff's complaint should be dismissed for failure to state claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 13th day of May 2015.

_____
UNITED STATES MAGISTRATE JUDGE